UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRUD ROSSMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2633 RLW |
| | ) |
| MICHAEL POMPEO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 28 U.S.C. § 1915. The motion will be granted. Further, after a careful review of plaintiff's complaint, this action will be dismissed as legally frivolous.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).[1]

### The Complaint

Plaintiff's complaint alleges that defendants stole money, property, and personal belongings from him through an internet-based Ponzi scheme. Plaintiff has asserted similar claims against other defendants in several district courts throughout the nation based on the same underlying facts, all of which have been dismissed. *See Rossman v. Moraco*, 2:15-cv-02392-RCJ-CWH (D. Nev. June 29, 2016) (dismissing plaintiff's complaint for "failure to properly plead subject matter jurisdiction and venue or to state a claim"); *Rossman v. Scaramucci*, 2015 WL 8482760, at *2 (S.D. Cal. Dec. 8, 2015) (same); *Rossman v. Leader*, 2013 WL 6327823 (D.D.C., Dec. 2, 2013) (dismissing complaint and noting that venue appeared to be improper); *Rossman v. Chase Home Finance*, 2012 WL 2580584 (D.D.C., June 29, 2012) (dismissing complaint relating to allegedly unlawful foreclosure and bank's operation of Ponzi scheme, and noting that venue appeared to be improper); *Rossman v. Stelzel*, 2011 WL 4916898 (E.D.N.Y., Oct. 13, 2011) (dismissing as frivolous Rossman's complaint seeking to stay state court eviction proceedings).

---

[1] In this case plaintiff states that he is able to survive on a monthly social security check. However, he makes conflicting representations in his application and the complaint as to whether he owns any property. Plaintiff has previously been denied leave to proceed in forma pauperis in other litigation commenced in federal court due to the submission of similarly conflicting financial information. As the Court will dismiss plaintiff's complaint on other grounds, it will merely point out the inconsistencies in plaintiff's financial declaration.

2

Plaintiff's complaint contains claims that are fantastical, irrational and wholly incredible. Such claims are subject to dismissal as legally frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (a claim is factually frivolous if it depicts "fantastic or delusional scenarios"); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (accord; describing a frivolous claim as one where "the facts alleged rise to the level of the irrational or the wholly incredible").

For example, plaintiff alleges that he was a former decorated trial attorney at the United States Department of Justice who is a friend of Anthony Scaramucci and a social acquaintance of Rod Rosenstein, Deputy Attorney General of the United States. Plaintiff further claims, in extremely derogatory and racist language, that persons acted against him when AOL bought Time Warner in March of 2001:

> numerical representations of Brud Rossman ranged across supercomputing regimes of the CIA, NSA, FBI, other portions of DOD and the civilian government, from 665 to 656 to '-6' to to '-5' to other variants of the '666' sign of the Beast found in the Book of Revelations, the New Testament, and across literally the 100s, if not the 1000s such variants from 1964 to date.

Plaintiff also asserts that "these computing system definitions…were then intersected with financial systems…losses are estimated at mind-boggling levels, and as indexed to [plaintiff's] IQ score…." He then refers to himself as the "anti-Christ," and he claims that he has been falsely arrested and imprisoned, subjected to attempted murder, torture, robbery, and "theft of property" by defendants.

Plaintiff's assertions are simply nonsensical and delusional and wholly based in fantasy. As such, the Court will dismiss this action based on *Denton* as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

3

**IT IS FURTHER ORDERED** that plaintiff's action is **DISMISSED** as legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this ___1st___ day of November, 2017.

*[signature: Ronnie L. White]*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE